Michael Doty, OSB No. 195611
Direct: 503.802.2169
Email: mike.doty@tonkon.com
Zoë F. Habekost, OSB No. 224124
Direct: 503.802.2169
Email: Zoe.Habekost@tonkon.com
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Main: 503.221.1440
Facsimile: 503.274.8779

*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

Jason M. Greenwood,

Debtor.

Case No. 26-62729-11

**DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR**

Debtor and Debtor-in-Possession Jason M. Greenwood ("Debtor") moves this Court for entry of an order approving the employment of Tonkon Torp LLP ("Tonkon Torp") as Chapter 11 counsel for Debtor. Debtor makes this Application pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014. In support of this Motion, Debtor respectfully states as follows:

1. On October 5, 2026 (the "Petition Date"), Debtor filed his Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code.

2. Debtor has continued in possession of his property and is continuing to operate and manage his affairs as debtor-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.

3. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in Debtor's case at this time.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Debtor is the owner of several related businesses engaged the production and sale of alcoholic beverages and spirits, primarily brandy, with its principal place of business in Independence, Oregon. Debtor and several of his entities are co-borrowers under a loan with Pioneer Trust Bank, N.A. ("Pioneer").

6. Pioneer commenced case number 25-CV-17027 in Marion County Circuit Court, and obtained a judgment against Debtor, his deceased former spouse, and several of his affiliated businesses[1] on October 8, 2025. The Marion County Circuit Court subsequently entered an Order Granting Pioneer's Motion to Execute on September 18, 2026, and a Notice of Sheriff's Sale of Personal Property was scheduled for October 6, 2026, at which Debtor's membership interests in various entities would be sold at auction. Debtor commenced this chapter 11 case to halt the sale.

7. Independence Beverages commenced a chapter 11 bankruptcy case in this Court on February 19, 2025 (case no. 26-60416-pcm11). Debtor is the sole member of Independence Beverages. Independence Beverages' plan of reorganization has been filed and is scheduled for confirmation on October 14, 2026. Pioneer will be paid in full under the Independence Beverages plan.

8. Additionally, Debtor is in the advanced process of securing contracts for one or more of his entities to sell 20,000 bottles of brandy to multiple buyers. Debtor has obtained letters of intent and non-disclosure agreements from the buyers. The brandy has completed its four-year aging process and needs to be proofed, bottled, and labelled pursuant to state (OLCC)

---

[1] The judgment debtors in case number 25-CV-17027 are Debtor, Jennell Ives, Divine Holdings LLC, Divine Distillers Inc., and Independence Beverages LLC ("Independence Beverages").



TONKON TORP LLP
1300 SW FIFTH AVE., SUITE 2400
PORTLAND, OR 97201
503.221.1440

and federal (ATF) regulations (Debtor's entities are fully licensed under both regulatory bodies). Debtor expects to finalize the contracts before the end of the year, with first shipments and payments thereon commencing in early 2027. The proceeds of these sales, as well as any subsequent sales, are more than sufficient to pay Pioneer in full.

9. Debtor desires to retain and employ Tonkon Torp as counsel in this Chapter 11 case, pursuant to Section 327 of the Code, to represent Debtor in all aspects of his reorganization, on the terms and subject to the conditions described below.

10. Debtor believes Tonkon Torp is well suited for this representation. Tonkon Torp has experience in all aspects of the law that may arise in this Chapter 11 case. In particular, Tonkon Torp has substantial bankruptcy and restructuring, corporate, finance, litigation, real estate, land use, regulatory, labor, and tax expertise.

11. Debtor is informed that Michael F. Doty and Zoë F. Habekost, the attorneys at Tonkon Torp primarily involved in this Chapter 11 case, are admitted to practice before this Court and have read Local Bankruptcy Rule 2016.

12. The services to be performed by Tonkon Torp are necessary in order for Debtor to perform his duties as Debtor-in-Possession. Subject to the control of and further order of the Court, Tonkon Torp intends to render the following services to Debtor:

(a) Advise Debtor of his rights, powers, and duties as a debtor and debtor-in-possession continuing to operate and manage his affairs and property under Chapter 11 of the Code;

(b) Take all actions necessary to protect and preserve Debtor's bankruptcy estate, including the prosecution of actions on Debtor's behalf, the defense of any action commenced against Debtor, negotiations concerning all litigation in which Debtor is involved, objections to claims filed against Debtor in this bankruptcy case, and the compromise or settlement of claims;



TONKON TORP LLP
1300 SW FIFTH AVE., SUITE 2400
PORTLAND, OR 97201
503.221.1440

(c) Advise Debtor concerning, and prepare on behalf of Debtor, all necessary applications, motions, memoranda, responses, complaints, answers, orders, notices, reports, and other papers, and review all financial and other reports required of Debtor as Debtor-in-Possession in connection with administration of this Chapter 11 case;

(d) Advise Debtor with respect to, and assist in the negotiation and documentation of, financing agreements, debt and cash collateral orders, and related transactions;

(e) Review the nature and validity of any liens asserted against Debtor's property and advise Debtor concerning the enforceability of such liens;

(f) Advise Debtor regarding (i) his ability to initiate actions to collect and recover property for the benefit of his estate; (ii) any potential property dispositions; and (iii) executory contract and unexpired lease assumptions, assignments, and rejections, and lease restructuring and recharacterizations;

(g) Negotiate with creditors concerning a Chapter 11 plan; prepare the plan, disclosure statement, and related documents; and take the steps necessary to confirm and implement the plan, including, if necessary, negotiations for financing the plan;

(h) Provide such other legal advice or services, including immigration advice or services, as may be required in connection with this Chapter 11 case; and

(i) Provide such other legal advice or services as may be required in connection with this Chapter 11 case.

13. Subject to Court approval, Debtor has agreed to compensate Tonkon Torp on an hourly basis in accordance with Tonkon Torp's ordinary and customary hourly rates in effect on the date services are rendered. The Tonkon Torp professionals who will be primarily responsible for providing these services, their status, and their 2026 billing rates are as follows:

/ / /

/ / /

/ / /



TONKON TORP LLP
1300 SW FIFTH AVE., SUITE 2400
PORTLAND, OR 97201
503.221.1440

| Name | Status | Hourly Rate |
|---|---|---|
| Michael F. Doty | Of Counsel | $785 |
| Zoë F. Habekost | Associate | $475 |
| Spencer Fisher | Paralegal | $395 |

14. From time to time, other Tonkon Torp attorneys and paralegals may also render services to Debtor in order to take advantage of specialized skills or expertise, to meet the demands of the case schedule, or for other appropriate reasons. Debtor has agreed that Tonkon Torp will also be compensated for the services of these professionals at their usual and customary hourly rates in effect at the time services are rendered. Rates are adjusted periodically, typically at the beginning of each calendar year.

15. Tonkon Torp has not agreed to any variations from, or alterations to, its standard or customary billing arrangements for this engagement.

16. None of the Tonkon Torp professionals included in this engagement have varied their rate based on the geographic location of this bankruptcy case.

17. Tonkon Torp is billing Debtor at the same effective rates that it billed prepetition.

18. Tonkon Torp will maintain detailed, contemporaneous time records of expenses incurred, with the rendering of legal services described above by category and nature of services rendered.

19. As disclosed in the Rule 2014 Verified Statement for Professional filed herewith, prior to filing the bankruptcy petition Tonkon Torp received payments from Debtor for pre-petition services and costs rendered prior to the filing of the bankruptcy, including the Chapter 11 filing fee, and received a retainer, which is being held.

20. Within the 12-month period preceding the Petition, Tonkon Torp provided legal services to Debtor. The total cost of legal services prior to the filing of the Petition, and

payments for those services, are disclosed on the attached Rule 2014 Verified Statement for Proposed Professional.

21. Debtor agrees and understands that Tonkon Torp has reserved the right to withdraw as counsel to Debtor, and Debtor hereby consents to such a withdrawal, in the event it becomes apparent that Tonkon Torp will not be paid for its services. Debtor also recognizes that professional fees and costs incurred by Tonkon Torp are subject to approval by the Court after review of fee applications filed by Tonkon Torp.

22. To the best of Debtor's knowledge, the partners and associates of Tonkon Torp do not have any connection with Debtor, his creditors, any other party-in-interest, or his respective attorneys or accountants, except as stated in the Rule 2014 Verified Statement of Proposed Professional.

23. A proposed Order Authorizing Employment of Tonkon Torp LLP as Attorneys for Debtor is attached as **Exhibit 1**.

For the reasons stated in this Application, Debtor requests that the Court enter an order authorizing him to employ Tonkon Torp to represent Debtor as his general counsel in this Chapter 11 case as of the Petition Date, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court after notice and hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided by Court order.

DATED: October 6, 2026.

JASON M. GREENWOOD

By: */s/ Jason M. Greenwood*
Jason M. Greenwood, Debtor



TONKON TORP LLP
1300 SW FIFTH AVE., SUITE 2400
PORTLAND, OR 97201
503.221.1440

Presented by:

TONKON TORP LLP

By /s/ Michael Doty
Michael Doty, OSB No. 195611
Direct: 503.802.2169
Email: mike.doty@tonkon.com
Zoë F. Habekost, OSB No. 224124
Direct: 503.802.5716
Email: Zoe.Habekost@tonkon.com
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Main: 503.221.1440
Facsimile: 503.274.8779

*Attorneys for Debtor*

# EXHIBIT 1

## Proposed Form of Order

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Jason M. Greenwood,<br><br>Debtor. | Case No. 26-62729-11<br><br>**ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR** |

THIS MATTER having come before the Court upon Debtor's Application for Order to Employ Tonkon Torp LLP as Attorneys for Debtor (the "Application") [ECF No. _____]; the Court having reviewed the Application and the Rule 2014 Verified Statement for Professional; having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); the Court having found that (1) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (4) notice of the Application and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Application is in the best interests of Debtor, his estate, and the creditors; and good and sufficient cause having been shown; now, therefore,



TONKON TORP LLP
1300 SW FIFTH AVE., SUITE 2400
PORTLAND, OR 97201
503.221.1440

IT IS HEREBY ORDERED that:

1. The Application is GRANTED.

2. In accordance with Bankruptcy Code Section 327(a), Debtor is authorized to retain and employ Tonkon Torp LLP as his general counsel in all matters in the above Chapter 11 case as of the Petition Date to perform all of the services set forth in the Application, on the terms set forth in the Application.

3. Tonkon Torp LLP's compensation shall be subject to Court approval in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, including any procedures that may be established under Local Rule 2016-1, or as otherwise provided by Court order.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By ________________________________

Michael Doty, OSB No. 195611
Direct: 503.802.2169
Email: mike.doty@tonkon.com
Zoë F. Habekost, OSB No. 224124
Direct: 503.802.5716
Email: Zoe.Habekost@tonkon.com
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Main: 503.221.1440
Facsimile: 503.274.8779

*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
Jason M. Greenwood

Debtor

Case No. 26-62729-11
☐ Amended

**VERIFIED STATEMENT IN SUPPORT OF EMPLOYMENT APPLICATION**

*Instructions to filer:* This statement must be completed by each person proposed to be employed in a chapter 11 case under 11 U.S.C. § 327, 1103, or 1107. If the application also seeks approval of employment of my firm, this form must be completed and signed on behalf of the firm by the member, associate, or employee of the firm who is expected to be primarily responsible for the engagement. If the firm is a law firm proposed to provide services in the case or an associated adversary proceeding, this form must be completed on behalf of the firm by the attorney of record. Any amended statement must include "Amended" in the title, be complete, and clearly identify changes from the previous filed version. Italicized text below constitutes further instructions.

I, Michael Doty, make this statement in support of the application for approval of my employment by [*enter name of proposed employer, for example, name of debtor in possession, trustee, or creditors committee*] Jason M. Greenwood (Debtor) (employer). If the application also seeks approval of employment of my firm, I make this statement on behalf of myself, my firm, and each other member, associate, or employee of my firm whom I expect to perform services for the employer in or in connection with this case, and each statement below is on behalf of each of those persons. Otherwise, paragraphs 2.3 and 2.5 below do not apply to this statement.

**1. Disinterestedness**

1.1. I am not a creditor of the debtor except:
Applicant is not a creditor of the debtor.

1.2. I am not an equity security holder of the debtor.

1.3. I am not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

1.4. I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the debtor or for any other reason.

**2. Insider status**

2.1. I am not a relative of the individual debtor [*“Relative” means an individual related by affinity or consanguinity within the third degree as determined by the common law or individual in a step or adoptive relationship within that third degree*.]

2.2. I am not a relative of an individual general partner of the debtor.

2.3. My firm is not a partnership in which the debtor is a general partner.

2.4. I am not a general partner of or in the debtor.

2.5. My firm is not a corporation of which the debtor is a director, officer, or person in control. [*“Corporation” has the meaning in 11 U.S.C. § 101(9) and includes limited liability company but not limited partnership*.]

2.6. I am not an officer or director of the debtor.

2.7. I am not a person in control of the debtor.

2.8. I am not a relative of a general partner, director, officer, or person in control of the debtor.

2.9. If the debtor is a municipality, I am not an elected official of the debtor or a relative of an elected official of the debtor.

2.10. I am not a managing agent of the debtor.

**3. Affiliates of the debtor** [*If the debtor has no affiliates, the affiliates list should say “None.” In the balance of this statement, “affiliate” means an affiliate on the affiliates list below.*]

3.1. If I am an attorney proposed for employment as general bankruptcy counsel for the trustee or chapter 11 debtor in possession, the trustee or debtor in possession has with my advice prepared the list below of the debtor’s affiliates, as that term is defined in 11 U.S.C. § 101(2), including each affiliate’s name and relationship to the debtor.

3.2. If I am not an attorney described in paragraph 3.1 above, I have obtained from the trustee, chapter 11 debtor in possession, or the general bankruptcy counsel for the trustee or debtor in possession the list below of the debtor’s affiliates, prepared in accordance with paragraph 3.1 above.

3.3. I am not an affiliate or an insider of an affiliate as if such affiliate were the debtor. [*“Insider” includes persons and other entities having a relation to the debtor listed in part 2 above.*]

**4. Employment by chapter 11 committee**

If I am proposed to be employed by a chapter 11 committee of creditors, equity-security holders, or retirees, I do not represent any other entity having an adverse interest in connection with the case.

**5. Connections**

I have no business, professional, personal, financial, or other connections with the debtor, affiliates, creditors, any party in interest, their respective attorneys and accountants, the United States trustee, any person employed in the office of the United States trustee, or the judge except:

**See Attachment #1.**

**6. Compensation**

6.1. If I am an attorney representing the debtor in or in connection with this case, the following are the details of all compensation paid or agreed to be paid to me within one year before the petition date for services rendered or to be rendered in contemplation of or in connection with this case, including payments made to me by either the debtor or a third party for any services rendered to the debtor within one year before filing of the petition:

**See Disclosure of Compensation of attorney for Debtor Pursuant to Rule 2016(b) filed contemporaneously herewith.**

6.2. If I am proposed to be employed by the trustee or, in a chapter 11 case, by the debtor in possession or a committee of creditors, equity-security holders, or retirees, I do not represent or hold an interest adverse to the interest of the estate with respect to the matter on which I am proposed to be employed.

If, during this case, any of the above statements ceases to be correct because of events occurring or information that I gain after the petition date, I agree to immediately file an amended statement on this form, include “amended” in the title, and clearly identify any changes.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on 10/06/2026.

/s/ Michael Doty
Signature of individual proposed to be employed

Michael Doty
Printed name of signer

Tonkon Torp LLP
Address (including firm name, if applicable)

1300 SW Fifth Ave., Suite 2400

Portland, OR 97201

**LIST OF AFFILIATES OF THE DEBTOR**

*See instructions in paragraph 3 above.*

| Name of Affiliate | Relationship of Affiliate to the Debtor |
|---|---|
| Divine Holdings LLC | Debtor is sole member. |
| Divine Distillers Inc. | Debtor is sole member. |
| Independence Beverages LLC | Debtor is sole member. |
| 1859 Cider Company LLC | Debtor is sole member. |
| Hadley Castle LLC, dba Mount Angel Soda Company | Debtor is sole member. |
| Divine Wines LLC | Debtor is sole member. |
| The Inferno LLC | Debtor is sole member. |

Tonkon Torp LLP ("Tonkon") conducted an initial review of its conflicts database to determine whether it had any business, professional, personal, financial, or other connections with the Debtor, affiliates, creditors, any party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. To the best of its knowledge and information available at this time, Tonkon represents that its connections are as follows:

Tonkon has banking relationships with Key Bank and Wells Fargo. Tonkon may have vendors, suppliers, or other service providers who have connections with Debtor, Debtor's owners, Debtor's creditors, or other parties in interest. Tonkon has conducted no investigation of its vendors, suppliers, or other service providers in preparing this statement.

Tonkon has professional relationships with lawyers who represent various parties in interest in this case.

To the best of its knowledge, certain Tonkon attorneys or staff, or the Tonkon retirement plan, do not any own equity or debt securities – directly or through mutual funds, trusts and portfolios – issued by creditors or other parties in interest in this Chapter 11 case. In addition, to the best of its knowledge, clients of Tonkon do not own equity or debt securities – directly or through mutual funds, trusts and portfolios – issued by creditors or other parties in interest.

To the best of its knowledge, attorneys and staff at Tonkon, or their spouses or relatives, are not current or former employees or officers and directors of creditors or other parties in interest and do not have beneficial ownership of securities issued by, or banking, insurance, brokerage or money management relationships with, creditors or other parties in interest in this Chapter 11 case.

To the best of its knowledge, attorneys and staff at Tonkon do not have professional, personal, or familial relationships with people who are members of law firms involved in this case, the Bankruptcy Court, the United States Trustee's office or its respective staff, or who are employed by creditors or other parties in interest, except Zoe Habekost, an attorney at Tonkon, externed for the Hon. Thomas Renn and Hon. Peter McKittrick during law school, and the Hon. Theresa Pearson was the officiant at her wedding. Other than with respect to the United States Bankruptcy Court for the District of Oregon and the Office of the U.S. Trustee, Tonkon has conducted no investigation of its attorneys' or staff members' employment, banking, insurance, brokerage or investment activities or professional, personal, or familial connections in preparing this statement.

These disclosures will be supplemented as needed, as further information is provided.